UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(WEST PALM BEACH DIVISION)
CASE NO.:

JERMAINE GENTLES,
individually,

    Plaintiff,

v.

NATIONAL TRAFFIC CONTROL
SYSTEMS INC., a Florida corporation,
and KARL BERNARD, individually,

    Defendants.
_____/

## COMPLAINT

Plaintiff, JERMAINE GENTLES ("GENTLES" or "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendants, NATIONAL TRAFFIC CONTROL SYSTEMS INC. ("NTCS"), a Florida corporation, and KARL BERNARD ("BERNARD"), individually, and as grounds therefore states as follows:

### INTRODUCTION

1. This is an action to recover unpaid overtime wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq.* (hereinafter "FLSA"), and damages pursuant to Florida Statutes § 440.20.

### JURISDICTION

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. At all times pertinent to this Complaint, NTCS was an enterprise engaged

in interstate commerce (see below).  At all times pertinent to this Complaint, Defendants regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in § 3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

3. Each of Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Southern District of Florida.

4. Each of Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Southern District of Florida including through its Wellington, Florida offices.

## VENUE

5. The venue of this Court over this controversy is based upon the following:

   a. The unlawful employment practices alleged below occurred and/or were committed in the Southern District of Florida; and

   b. Defendants are, and continue to be, a corporation and an individual doing business within this judicial district.

## PARTIES

6. At all times material hereto, Plaintiff, GENTLES, was and continues to be a resident of Broward County, Florida and was and is an "employee" of Defendants within the meaning of the FLSA and Florida law.  Specifically, he provided, and continues to provide services for Defendants as an electrician.

7. At all times material hereto, each of Defendants, NTCS and BERNARD, were an "employer" of Plaintiff within the meaning of the FLSA.  BERNARD owns, operates, and controls NTCS and is an owner and corporate officer.

8. At all times material hereto, Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned wages in conformance with the FLSA.

9. At all times material hereto, NTCS was and continues to be an enterprise engaged in interstate commerce within the meaning of the FLSA. More specifically, NTCS's subject business, by and through its officers and at least two employees (including Plaintiff): 1) engaged and engages in business with interstate entities (by purchasing items through interstate means and providing services for interstate entities, including the Florida Department of Transportation); 2) utilized and utilizes tools, materials, cleaning supplies, electrical products, equipment, and such other instrumentalities of commerce that have been acquired, moved in, and produced via interstate means; 3) is subcontracted by various out of state companies; and, 4) generated and generates gross volume sales or business of at least $500,00.00 per annum.

10. At all times material hereto, the work performed by Plaintiff, GENTLES, was directly essential to the business performed by Defendants and relied upon and was involved with interstate goods and services as described above.

11. At all times material hereto, BERNARD supervised the work of Plaintiff, and/or was involved in the day to day operations of NTCS.

12. At all times material hereto, BERNARD was directly involved in the decision-making processes that affected employee compensation and/or hours worked by Plaintiff.

13. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

**STATEMENT OF FACTS**

14. Defendants are engaged in the business of owning and operating a business involved in the installation and servicing of traffic control devices.

15. In or about March of 2018, Plaintiff, GENTLES, began working for Defendants as a full-time electrician.

16. During GENTLES's employment, he routinely worked in excess over forty (40) hours per week, almost every week worked, and was rarely, if ever, paid the standard time and one-half overtime wage mandated by the FLSA.

17. In an effort to circumvent the FLSA, Defendants purposely and wrongfully paid Plaintiff some of his wages through payroll, and other by direct check; the purpose of this scheme was to subvert the fact that Plaintiff worked in excess of forty (40) hours per week and to ensure that he was not paid overtime wages.

18. Plaintiff has retained the undersigned to represent him in this litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. § 207 (FLSA; UNPAID OVERTIME) AS TO ALL DEFENDANTS

Plaintiff realleges Paragraphs 1 through 18 of this Complaint as if fully stated herein.

19. Since Plaintiff's date of hire with Defendants, in addition to Plaintiff's normal work week, Plaintiff worked additional hours in excess of forty (40) hours per week for which he was not compensated at the statutory rate of time and one-half.

20. Plaintiff was entitled to be paid at the rate of time and one-half for his hours worked in excess of the maximum hours provided for in the FLSA.

21. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for hours worked by Plaintiff in excess of the maximum hours provided for in the FLSA.

22. Records, if any, concerning the number of hours worked by Plaintiff, and the actual compensation paid to Plaintiff are in the possession and custody of Defendants. Plaintiff intends

to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, he will then seek leave of Court to amend the Complaint to set forth an exact amount of FLSA damages or will otherwise amend such other pleadings to specify the amounts owed.

23. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff, GENTLES, at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when they knew or should have known such was due.

24. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

25. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff, GENTLES, is entitled to liquidated damages pursuant to the FLSA.

26. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff, GENTLES, has suffered damages in the form of unpaid overtime wages, plus an equal amount as liquidated damages.

27. Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. 216(b).

WHEREFORE, Plaintiff, JERMAINE GENTLES, respectfully requests that judgment be entered in his favor against Defendants declaring that the Defendants have violated the maximum hour provisions of 29 U.S.C. § 207; awarding Plaintiff overtime compensation in the amount calculated; awarding Plaintiff liquidated damages in the amount calculated; awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b); awarding Plaintiff post-judgment interest; and ordering any other and further relief this Court deems to be just and proper.

## **DEMAND FOR JURY TRIAL**

PLAINTIFFS demand a trial by jury as to all issues triable as of right by jury.

DATED this 13th day of November, 2019.

                                         Respectfully submitted,

                                         **SALPETER GITKIN, LLP**

By:    */s/ James P. Gitkin*
            James P. Gitkin, Esq.
            Fla. Bar. No.: 570001
            jim@salpetergitkin.com
            3864 Sheridan Street
            Hollywood, Florida 33301
            Telephone:  (954) 467-8622
            Facsimile:  (954) 467-8623
            *Attorneys for Plaintiff*